UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GUADALUPE CALDERA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-11-321 |
| § | |
| THE INSURANCE COMPANY OF THE § | |
| STATE OF PENNSYLVANIA, § | |
| § | |
| Defendant. § | |

## **ORDER DISMISSING CLAIMS FOR WANT OF JURISDICTION**

Before the Court is "Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction, Failure to Join a Required Party and Failure to State a Claim upon Which Relief Can Be Granted" (D.E. 5). For the reasons set forth below, the Motion (D.E. 5) is GRANTED.

## **FACTUAL BACKGROUND**

This case involves a workers compensation claim for Plaintiff Guadalupe Caldera's (Caldera's) back injury that occurred in 1995. Defendant Insurance Company of the State of Pennsylvania (ICSP) originally paid some benefits pursuant to Texas law based upon Caldera's compensable injury and impairment rating. Still suffering from the injury in 1998, Caldera applied for and received Social Security Disability benefits. In 2002, ICSP denied additional medical benefits to Caldera by filing a TWCC-21 with the Texas Workers Compensation Commission (TWCC)[1] claiming that the covered injury had resolved and any new medical issues were not related.

---

[1] Now known as Texas Department of Insurance, Division of Workers' Compensation.

Caldera, while being given notice and an opportunity to further pursue his claims, chose not to appeal that determination and his continuing medical expenses were instead paid by Medicare. In 2005 and 2006, Caldera required back surgery and Medicare paid for those procedures in amounts totaling $42,637.41. On April 12, 2011, the parties entered into an Agreed Judgment (D.E. 9-2) in state court holding that the condition requiring back surgery was, in fact, related to the initial 1995 workers compensation injury. While this established ICSP's responsibility for medical expenses required to treat the injury, it did not liquidate any damages or require any payment.

There has been no determination that all or part of the $42,637.41 that Caldera incurred and that Medicare paid were expenses properly owed by ICSP. ICSP denies any liability for those charges because Caldera failed to comply with preauthorization requirements and did not timely submit his medical bills for payment. The parties agree that the time for doing so has long since passed and there is no longer any administrative remedy available to require ICSP to pay.

## THE QUESTION PRESENTED

Caldera filed this suit for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to obtain a judgment that ICSP is liable for the full amount Medicare paid on his behalf. A federal declaratory judgment may be issued "In a case of actual controversy within [the Court's] jurisdiction . . . ." 28 U.S.C. § 2201(a). The Fifth Circuit has made it clear that, "In a declaratory judgment action, the court must determine if there would be grounds for federal jurisdiction over a hypothetical suit that would have been brought absent the availability of declaratory relief." *Volvo Trucks N. America, Inc.*

*v. Crescent Ford Truck Sales, Inc.*, No. 09-30782, ___ F.3d ___, 2012 WL 19804, *5 (5th Cir. January 5, 2012) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672-74, 70 S.Ct. 876, 876 (1950)).

Caldera asserts that federal question jurisdiction underlies the declaratory judgment action pursuant to 42 U.S.C. § 1395y(b), the Medicare Secondary Payer Act (MSP). 28 U.S.C. § 1331. ICSP has filed its motion to dismiss, in part, stating that the pleadings do not, and cannot, state a proper MSP claim because Caldera did not exhaust his administrative remedies. While conceding, as he must, that he did not exhaust his administrative remedies, Caldera claims that the MSP preempts the unexhausted remedies, thus conferring jurisdiction. This ambitious theory presents an issue of first impression.

## THE MSP REQUIREMENTS

Caldera is entitled to bring an MSP claim as a private cause of action if he can prove the MSP requirements set out in 42 U.S.C. § 1395y(b)(1) and (b)(2)(A). 42 U.S.C. § 1395y(b)(3)(A). Subsection (b)(1) requires group health plans to cover employees equally and is not at issue here. Subsection (b)(2)(A) provides that payment under the instant subchapter (Subchapter XVIII: Health Insurance for the Aged and Disabled) can only be made with respect to services to the extent that "payment *has been made or can reasonably be expected to be made* under a workmen's compensation law or plan of the United States or a State . . . ." 42 U.S.C. § 1395y(b)(2)(A)(ii) (emphasis added). Where such a charge qualifies, the Secretary of Health and Human Resources (Medicare) has the

authority to make a "conditional payment" and seek reimbursement. 42 U.S.C. § 1395y(b)(2)(B).

ICSP argues that Medicare did not make a "conditional payment" subject to reimbursement in this case because no payment "had been made or could reasonably expect to be made" under the Texas workers' compensation law. 42 U.S.C. § 1395y(b)(2)(B)(i). As the argument continues, no payment was made voluntarily and no payment could be expected to be made until, at the conclusion of the workers compensation administrative remedies, ICSP's objections were overruled and it was ordered to pay.

The MSP addresses the way in which claimants may show that a payment may reasonably be expected to be made. According to 42 U.S.C. § 1395y(b)(2)(B)(ii), Defendant's

> responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, *or by other means*."

(emphasis added). Caldera argues that "by other means" includes demonstrating that ICSP has conceded responsibility for the injury, has an obligation to pay medical expenses for Caldera's lifetime, and the amount paid by Medicare, which was only paid because it was reasonable and necessary, is sufficient to liquidate the claim. Thus, Caldera argues, liquidating the claim through the workers compensation system is superfluous or so conflicts with the MSP that the requirement must be preempted.

## DISCUSSION

Caldera makes an interesting argument that finding the injury to be compensable is sufficient indication of a reasonable expectation that payment will be made, even without liquidating the amount. He points to the choice of words in the statute: it requires a finding that the primary payer is "responsible," which, he argues, is not the same as finding the primary payer "liable." He argues that, once the claim is found to be compensable, the claimant's burden of demonstrating "responsibility" is met—and the amount is determined by what Medicare has paid. As an excuse for his untimely liquidation of the claim under Texas workers compensation law, Caldera argues that the duration of ICSP's "responsibility" is for Caldera's entire lifetime. Tex. Labor Code § 408.021.

In other words, according to Caldera, the judgment of compensability is the "other means" for proving responsibility for payment. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii). At the hearing, counsel suggested that the compensability determination authorized Caldera to don the "gorilla suit" of Medicare to then go and collect from ICSP the full amount that Medicare had paid because Medicare had already determined that the amount was reasonable and necessary. In this regard, Caldera relies on *United States v. Baxter Internat'l, Inc*., 345 F.3d 866 (11th Cir. 2003), *cert. denied*, 542 U.S. 946, 124 S.Ct. 2907 (2004).

In *Baxter*, manufacturers of breast implants entered into a settlement agreement that included payment of an amount intended to compensate for at least some of the medical expenses incurred by claimants. Because some of those expenses had already

been paid by Medicare, Medicare intervened. The manufacturers professed ignorance of Medicare's interest in defending against its subrogation claim. The trial court ruled in favor of the settling manufacturers. The Eleventh Circuit reversed, holding that Medicare's claim adequately pled actual or constructive knowledge of its subrogation rights. *Baxter*, supra at 900-01. Thus Medicare would be permitted to seek reimbursement of medical payments made from the settlement proceeds through its timely filed interpleader.

According to Caldera, *Baxter* stands for the proposition that ICSP's actual or constructive knowledge of the payments made by Medicare is sufficient to satisfy the necessary "utility" review of what amounts are recoverable after "responsibility" was conceded in the Agreed Judgment. While this is an impressively creative argument, it overlooks an important premise in *Baxter*: that the tortfeasor had entered into a settlement whereby it agreed to pay damages and the allocation of those damages between plaintiffs and Medicare as subrogee was not yet barred by limitations.

While ICSP has agreed that Caldera's injury is compensable, it has not agreed to pay any damages (medical or otherwise) as a result. It is further undisputed that the opportunity to liquidate those damages is barred by limitations. ICSP is not a tortfeasor. Its liability for payment of medical expenses (specified or generalized) has not been conceded in settlement but must be determined by workers compensation law and the terms of coverage, which include the preauthorization requirement and the timely submission of medical bills.

Medicare's statutory obligation to pay only those medical expenses that are reasonable and necessary is not necessarily equivalent to medical expenses that are preauthorized, timely submitted for ICSP's review, and payable pursuant to the workers compensation system. Because of Medicare's determination of the amount, Caldera argues that he only needs to prove ICSP's "responsibility" (as opposed to "liability"), and that "responsibility" is equivalent to a "compensable injury." However, it takes the convergence of "compensable injury" *as applied to ICSP's liability* and "covered amounts" *as applied to ICSP's liability* to get to the type of "responsibility" that is demonstrated by a judgment, settlement, or "other means."

The statutory reference to "other means" does not open up the liability of ICSP to a free-for-all of legal theories. One of the traditional canons of construction, *noscitur a sociis*,[2] dictates that words grouped in a list should be given related meanings. *Dole v. United Steelworkers of America*, 494 U.S. 26, 36, 110 S.Ct. 929, 108 L.Ed.2d 23 (1990). Under the doctrine of *noscitur a sociis*, the court "avoid[s] ascribing to one word a meaning so broad that it is inconsistent with its accompanying words, thus giving unintended breadth to the Acts of Congress." *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (internal citations and quotations omitted).

Any "other means" for demonstrating ICSP's liability to pay must involve an enforceable obligation such as a judgment or settlement. A theory of liability that has not been pursued before imposing MSP collection provisions does not qualify as "other means." This is confirmed by another case out of the Eleventh Circuit as well as Fifth

---

[2] "A word is known by the company it keeps." *In re Hickman*, 260 F.3d 400, 403 (5th Cir. 2001).

Circuit precedent. The Eleventh Circuit, after the *Baxter* case, dismissed an MSP claim because the alleged primary payer's liability was not already liquidated. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304 (11th Cir. 2006) (*per curiam*).

The *Glover* opinion stated compelling reasons for refusing to allow litigants to liquidate the claim in the course of the MSP action. Those reasons include: (1) that Congress could not have intended such a drastic expansion of federal court jurisdiction over traditional state law claims; (2) that a defendant should be permitted to contest liability without risk of an automatic doubling of liability pursuant to the MSP penalty provisions; and (3) that MSP actions should not be capable of turning claims of multiple plaintiffs into class actions. *Id*. at 1309. ICSP adds that a finding that the administrative remedies need not be exhausted would create havoc in the workers compensation system by providing an incentive for claimants to fail to comply with its requirements. Instead, a plaintiff must demonstrate the alleged primary payer's exact liability as a condition precedent to making an MSP claim. *Id*. In other words, liquidating the primary payer's obligation is not a federal question that triggers federal jurisdiction.

The Fifth Circuit also made it clear that state workers compensation systems do not conflict with, and are not preempted by, the MSP statutory provisions. Instead, they are incorporated into the MSP statute and must be exhausted.

> Under either provision—an independent statutory right under § 1395y(b)(2)(B)(ii) or supreme subrogation under § 1395y(b)(2)(B)(iii)—the government stands to recover from the interpleader fund exactly what [the Medicare beneficiary] should recover under the interpleader fund.
> . . .
> If the individual's right to payment under the primary plan is

>limited by the terms of the plan or by operation of state law,
>then the government's subrogated claim is equally limited.

*Waters v. Farmers Texas County Mut. Ins. Co.*, 9 F.3d 397, 400-01(5th Cir. 1993). Rather than Caldera donning Medicare's gorilla suit, Caldera's private right of action requires squeezing Medicare's gorilla body into Caldera's workers' compensation overalls.

ICSP provides coverage under the terms of Texas workers compensation law. If the workers' compensation administrative remedies are not exhausted and if ICSP does not voluntarily agree to pay, then Caldera has not demonstrated ICSP's "responsibility" by a judgment, settlement, or other means.

For these reasons, Defendant's Motion to Dismiss for Want of Subject Matter Jurisdiction (D.E. 5) is GRANTED. The Court does not reach the alternate grounds for dismissal based on lack of joinder or failure to state a claim upon which relief can be granted.

ORDERED this 2nd day of February, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE